CLAR PRODUCTIONS, LIMITED, Plaintiff,

v.

ISRAM MOTION PICTURES PRODUCTION SERVICES, INC., a/k/a Isram Film Corp., Defendants.

No. 81 Civ. 2249(MP).

United States District Court, S. D. New York.

Jan. 4, 1982.

Morgan, Lewis & Bockius by John Linsenmeyer, Anne Elizabeth Peters, New York City, for plaintiff.

Manus & Weiss by Michael D. Blutrich, New York City, for defendants.

## DECISION

MILTON POLLACK, District Judge.

Defendant has moved before answer herein, pursuant to 9 U.S.C. § 3 (1976), for a stay of the action pending arbitration. The motion is opposed on the grounds that the arbitration agreement, although drafted identically by both parties was not signed and if it exists, it was waived by defendant's participation in this litigation.

This suit originally assigned to Judge Pierce, formerly in the District Court, arises out of a dispute over the rights of defendant to distribute plaintiff's film, *Tristan and Isolt*, outside of the United States.

The chronology of the prior proceedings is important:

*April 14, 1981* —Complaint filed.

*June 18, 1981* —Defendant moved to dismiss the complaint, alleging failure to join indispensable parties, and also requested an order staying the action pending discovery on the issue of plaintiff's place of business. This motion was referred to Magistrate Buchwald.

*August 20, 1981* —Magistrate Buchwald issued a Report recommending denial of the motion to dismiss the complaint.

*October 6, 1981* —Judge Pierce referred the motion back to the Magistrate in light of defendant's objections to the Report.

*October 27, 1981* —Judge Pierce issued an order adopting the Magistrate's second Report, which denied defendant's motion to dismiss. Discovery was ordered to take place starting November 16.

*November 3, 1981* —Temporary restraining order issued by Judge Pierce against any further distribution of the film by defendant.

*November 13, 1981* —Defendant informed Judge Pierce by letter that it agreed to consent to the entry of a preliminary injunction against it, but stated that its "consent to the entry of the preliminary injunction and its consent to compliance with the discovery order entered by Magistrate Buchwald . . . are actions undertaken with full reservation of right to seek an order compelling arbitration."

*Week of November 16, 1981* —Three days of depositions of defendant's president, along with production of documents by defendant.

*November 20, 1981* —Entry of consent order for preliminary injunction against further distribution of the film by defendant.

*November 25, 1981* —Defendant made the present motion for a stay pending arbitration.

"[O]rdinary principles of contract and agency determine which parties are bound by an agreement to arbitrate." *McAllister Bros., Inc. v. A & S Transportation Co.*, 621 F.2d 519, 524 (2d Cir. 1980). In

particular, it is settled law in this Circuit that "a party may be bound by an agreement to arbitrate even in the absence of a signature," *id.*, as long as the arbitration provision itself is in writing, *Fisser v. International Bank*, 282 F.2d 231, 233 (2d Cir. 1960).

In this case, both parties exchanged draft agreements which contained identical provisions regarding arbitration, specifically:

> Any dispute arising hereunder shall be settled in the City of New York under the Rules of the American Arbitration Association (herein "AAA") before a single arbitrator appointed by the AAA and the laws of the State of New York shall apply without giving effect to principles of the conflicts of laws.

■ Nonetheless, plaintiff has denied that it understood and intended to be bound by the arbitration agreement it transmitted to defendant and to which the defendant contends it indicated its agreement by transmitting to plaintiff a draft of the alleged agreement to arbitrate in terms identical to those referred to in the plaintiff's draft. Consequently, there is an issue of fact to be resolved on that score and an evidentiary hearing will be ordered to be held on a date to be fixed after consultation with the parties.

■ The plaintiff contends that irrespective of whether there is an agreement between the parties to arbitrate before the American Arbitration Association, the defendant has waived its right to arbitration by its proceedings herein. The plaintiff's contention on that score is invalid; the Court holds that no waiver has occurred. Waiver of one's right to arbitration "is not to be lightly inferred, and mere delay in seeking a stay of the proceedings without some resultant prejudice to a party . . . cannot carry the day." *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir. 1968) (Kaufman, J.). *Accord, China Union Lines v. American Marine Underwriters, Inc.*, 458 F.Supp. 132, 136 (S.D.N.Y.1978). "Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver." *Demsey & Assocs. v. S.S. Sea Star*, 461 F.2d 1009, 1018 (2d Cir. 1972). And in *Chatham Shipping Co. v. Fertex Steamship Corp.*, 352 F.2d 291, 293 (2d Cir. 1965), it was stated that the earliest point at which waiver of the right to arbitration may be found "is when the other party files an answer on the merits."

■ In this case, defendant has not filed an answer on the merits to the complaint (indeed, it is precisely for this reason that plaintiff contends that defendant is in default). Though defendant did not raise its right to arbitration until seven months after the complaint in this case was filed, it did so unequivocally before any discovery in the case had taken place, and before any response on the merits. As defendant specifically informed Judge Pierce, its compliance with the consent order and discovery proceedings was taken with full notice to the Court and the plaintiff of defendant's reservation of its alleged right to arbitration.

*Conclusion*

The only issue to be resolved herein is whether the parties understood and intended to resolve their controversies before the American Arbitration Association. There has been no prejudice to plaintiff in the assertion of a right to such an arbitration if indeed there was an understanding to use the arbitration forum to resolve disputes pertaining to the subject matter involved herein. Accordingly, the motion to stay this case pending arbitration and for direction to proceed with arbitration will be held in abeyance pending an evidentiary hearing with respect to the intent and understanding of the parties pertaining to arbitration.

SO ORDERED.