This is a petition for a writ of mandamus wherein the defendants in a circuit court proceeding (Merrill Lynch, Pierce, Fenner Smith, a corporation; Merrill Lynch Life Agency, Inc., and John Beauchamp, an employee of one of the corporate defendants) request this Court to order the Jefferson County Circuit Court to grant their motion to compel arbitration and stay the litigation pending arbitration. We are of the opinion that the writ is due to be granted. *Page 2 
The salient facts in this case are as follows:
According to the complaint, on July 12, 1982, plaintiff, Sheila Atchison, purchased a single premium deferred annuity from one of the corporate defendants for $21,119.00. Subsequently, having lost her entire investment, she filed suit in the Jefferson County Circuit Court against these three defendants on April 4, 1984, alleging, inter alia, breach of contract and fraud. On May 7, 1984, the defendants filed a motion to dismiss, and on June 29, 1984, Merrill Lynch, Pierce, Fenner Smith filed a motion for a stay, to await the outcome of prior pending federal multidistrict litigation in New York involving that defendant. Several hearings were held with regard to the motion to stay, and on January 25, 1985, plaintiff filed notice of her request to be excluded from the class in the federal class action litigation in New York.
On April 18, 1985, the defendants filed their motion to compel arbitration and stay the litigation pending arbitration, and notified plaintiff of their intent to arbitrate, pursuant to the "Agreement to Arbitrate Controversies" clause in the July 1982 customer agreement. The following day, the court heard argument on the motions, and on April 30, 1985, the court overruled both aspects of the motion. The defendants then filed this petition for a writ of mandamus ordering the lower court to grant its motion.
The parties raise two issues for our review:
1. Whether the defendants' actions constitute a waiver of their right to compel arbitration; and
2. Whether a provision for arbitration is just and reasonable, or is a contract of adhesion and thus unenforceable against plaintiff under Alabama law.
 I.
The general rule with regard to waiver of one's right to arbitrate was stated in American Dairy Queen Corp. v. Tantillo, 536 F. Supp. 718 (M.D.La. 1982):
 It is well settled that there is a strong federal policy favoring arbitration and a waiver of the right to compel arbitration will not be lightly inferred. [Citations omitted.]
536 F. Supp. at 720. The court went on to say:
 Therefore, the burden on one seeking to prove waiver is a heavy one. The question of what constitutes a waiver of the right of arbitration depends on the facts of each case. [Citations omitted.]
Id. In Moses H. Cone Memorial Hospital v. Mercury ConstructionCorp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the United States Supreme Court agreed that there is a strong federal policy favoring arbitration:[1]
 The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.
460 U.S. at 24-25, 103 S.Ct. at 941.
There is considerable support for the proposition that the determination of whether there has been a waiver must be made on a case-by-case basis and is to be based on the particular facts of each case. However, a two-pronged test has developed which courts use when considering whether a party has waived the right to arbitrate. First, the party opposing arbitration must prove that there has been a "substantial invocation of the litigation process." Tantillo, *Page 3 supra. This however, is only part of what a party is required to prove in order for the court to find that the other has waived the right to seek arbitration.
 Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration. [Citations omitted.]
336 F. Supp. at 722.
Therefore, this Court must decide whether plaintiff met her burden and proved that the defendants substantially invoked the litigation process and that she suffered prejudice as a result. See Ex parte Costa Head (Atrium), Ltd., 486 So.2d 1272 (Ala. 1986).
Whether a party has substantially invoked the litigation process is another question which must be answered based upon the facts of each case individually, but case law and treatises provide us with guidelines helpful in our determination of this issue. According to 6 C.J.S. Arbitration § 37 (1975):
 Whether participation in an action is a waiver of the right to arbitration depends on whether the participation bespeaks an intention to abandon the right. . . . It has been held that the service of an answer in an action on the contract does not constitute waiver of the right to arbitration, even though the answer does not set up the arbitration clauses as a defense. . . . The mere serving of an answer and the making of a motion to dismiss a complaint does not constitute a waiver.
This rule was also set out in Clar Productions, Ltd. v. IsramMotion Pictures, 529 F. Supp. 381 (S.D.N.Y. 1982):
 "Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver." Dempsey Assocs. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir. 1972). And in Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir. 1965), it was stated that the earliest point at which waiver of the right to arbitration may be found "is when the other party files an answer on the merits."
529 F. Supp. at 383.
We are of the opinion that the above authority, especially when considered in light of our recent decision in Ex parteCosta Head (Atrium), Ltd., supra, demonstrates that the defendants did not substantially invoke the litigation process in the case before us. The defendants simply filed a motion to compel arbitration and stay proceedings pending arbitration; indeed, the defendants did not even file an answer to plaintiff's complaint. In the Clar Productions case the court not only stated that the filing of an answer was the earliest point at which waiver a of one's right to arbitrate could be found, but went further to say that a party could file an answer, assert a counterclaim or cross-claim, and participate in discovery without waiving the right to compel arbitration. It is clear to this Court, then, that the defendants did not participate in the action to a degree that evinced an intent to abandon the right to seek arbitration.
Plaintiff argues that the defendants waived the right to arbitrate by waiting over a year before filing the motion to compel arbitration. Plaintiff, however, waited nearly ten months before she filed notice with the court that she was opting out of the class in the pending federal multidistrict litigation in New York. Defendants had no reason to seek arbitration before plaintiff's opt-out, as they could have reasonably believed that plaintiff would obtain her relief in the federal suit, and, consequently, that the action in Jefferson County would then be dismissed. Defendants filed the motion to compel arbitration less than three months after plaintiff opted out of the federal suit. We cannot find that this delay caused plaintiff any prejudice.
 II.
Plaintiff has failed to prove to us that the provision for arbitration is a contract of adhesion and therefore unenforceable. Pursuant to the arbitration clause in the agreement signed by plaintiff, she *Page 4 
could choose an arbitrator from either of two organizations: the New York Stock Exchange, Inc.; or the National Association of Securities Dealers, Inc. Plaintiff claims that defendant Merrill Lynch, Pierce, Fenner Smith is a member of these organizations and that for this reason the arbitration clause is unjust and unreasonable, and a contract of adhesion. We disagree. Plaintiff has made the bare assertion that these organizations are biased in favor of Merrill Lynch and that she will not be treated fairly; however, plaintiff has failed to present this Court with any reasons why we should presume that an unjust result will necessarily occur. Plaintiff's assertion, without any evidence of any past impropriety by either of these organizations, is unfounded.
Furthermore, plaintiff urges this Court to look to the contract law of this state when deciding whether the arbitration clause is unenforceable. In so doing we take note of Alabama's arbitration statutes, codified at Code 1975, §§6-6-1, et seq., which look favorably on arbitration as a means of settling controversies.[2] In Southeast Nursing Home v. St.Paul Fire Marine Insurance Company, 559 F. Supp. 883 (N.D.Ala. 1982), the court addressed Alabama's arbitration scheme, stating:
 The Alabama arbitration statutes are in derogation of the common law, which distrusted arbitration. . . . Secondly, § 6-6-6 requires only that before making an award "the arbitrators must be sworn impartially to determine the matter submitted to them. . . ." This language does not mandate that an arbitrator, at the time of his appointment, in fact be totally impartial in the sense that he has never had any contact or connection whatsoever with the party who chooses him. It only mandates that in order to qualify as an arbitrator he swear that he will be impartial in his consideration of the evidence. Vinsant may or may not be willing to take such an oath. Unless and until Southeast proceeds with arbitration, Southeast will never have an answer to this question. [Emphasis supplied in Southeast Nursing Home.]
559 F. Supp. at 887.
It appears from the above-quoted language that Alabama courts do not require that an arbitrator have no prior dealings with the parties, but require only that the arbitrator take an oath to be impartial. Thus, rather than presuming that any arbitrator chosen from either of the two organizations in this case would be biased in favor of Merrill Lynch, we should presume, according to Alabama law and absent any proof to the contrary, that the arbitrator is impartial.
Plaintiff has failed to prove that defendants waived their right to compel arbitration, and has failed to convince this Court that the arbitration agreement which she signed is a contract of adhesion. Therefore, the writ of mandamus is hereby granted, and the lower court is directed to enter an order granting the motion to compel arbitration and stay the litigation pending arbitration.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
[1] The customer agreement in this case is a contract evidencing a transaction involving interstate commerce. Therefore, federal law, in the form of the Federal Arbitration Act, governs the issue in both state and federal courts. See Moses H. ConeMemorial Hospital v. Mercury Construction Corp., 460 U.S. 1,103 S.Ct. at 927, 74 L.Ed.2d 765 (1983). For this Court's acknowledgment that the Federal Arbitration Act applies to cases brought in the courts of this state, see Ex parte AlabamaOxygen Co., 452 So.2d 860 (Ala. 1984), approving the views expressed in Justice Maddox's dissent in the original proceeding at 433 So.2d 1158. See also Ex parte Costa Head(Atrium), Ltd., 486 So.2d 1272 (Ala. 1986).
[2] Compare, however, Ala. Code 1975, § 8-1-41 (3).