JONES, Justice
(dissenting).
I respectfully disagree with the majority’s conclusion that this case is controlled by Ex parte McKinney, 515 So.2d 693 (Ala.1987).
Petitioner/Defendant, Thomson McKin-non Securities, Inc., is a foreign corporation qualified to do business in Alabama and alleged to be doing business by agent in Colbert County. Petitioner/Defendant Carle B. Jackson is an adult resident of Alabama who is alleged to have done business in Colbert County as agent for Thomson McKinnon. Respondent/Plaintiff, Donna Stolsworth, is a resident citizen of Colbert County who made investments through Thomson McKinnon during 1984 and 1985. Stolsworth signed a Thomson McKinnon account agreement, containing the following arbitration clause:
“It is agreed that any dispute, claim or controversy between [the customer] and your firm which does not arise out of the federal securities laws shall be resolved by arbitration under the Constitution and Rules of the New York Stock Exchange, Inc., or under the Code of Arbitration Procedures of the National Association of Securities Dealers, Inc., at [the customer’s] election. Disputes, claims or controversies arising under the federal securities laws may, at [the customer’s] election, be resolved either by arbitration or through litigation in the courts.”
On March 31, 1987, Stolsworth sued Thomson McKinnon and Jackson in the Colbert County Circuit Court, seeking compensatory and punitive damages, for mis *616 handling Stolsworth’s investments, specifically, for fraud, breach of fiduciary duty, deceit, suppression of material fact, conspiracy, and reckless infliction of emotional distress — all of which claims were brought under Alabama state law. Stolsworth, contend the petitioners, made no claims pursuant to any federal securities law or regulation.
Thomson McKinnon and Jackson moved for a stay and an order compelling arbitration pursuant to the terms of the account agreement. The trial court overruled the motion on two grounds: 1) The fraud count is brought under Code 1975, § 8-6-17, which is virtually identical to Rule 10(b)(5) of the Securities and Exchange Commission, and, therefore, Stolsworth’s claims “arise out of” federal securities law and are not subject to compulsory arbitration; and 2) the “compulsory” arbitration clause is not enforceable. Thomson McKinnon’s and Jackson’s motion for reconsideration was denied.
Filing a petition for writ of mandamus, they present two issues:
1. Did the trial court err in refusing to enforce and in holding invalid the arbitration clause (which calls for arbitration of all claims not brought pursuant to federal securities law) merely because one or more of Stolsworth’s state law claims could have been alleged as Rule 10(b)(5) claims?
2. Did the trial court err in finding that the provision in the arbitration clause providing for selection by the customer of either arbitration or litigation of claims arising under federal securities law is unenforceable?
The relief they seek is for this Court to grant their petition and to direct the trial court to order arbitration of these claims and to stay the civil action pending resolution of these claims by arbitration.
As authority for their position, petitioners cite Ex parte McKinney, supra. That case involved the trial court's intepretation of an arbitration clause. This Court, on the authority of Shearson American/Express, Inc. v. McMahon, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986); and Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986), held: “This Court now follows the rule that when there is an agreement to arbitrate a dispute under the provisions of the Federal Arbitration Act, this Court will enforce that agreement, in accordance with the federal policy as expressed in the Federal Arbitration Act and court decisions construing that Act.”
I would deny the writ on the basis of the difference in the language in the arbitration clause in Shearson (this Court’s authority for McKinney) and the language in the arbitration clause in the case at issue. The Shearson language is:
“Any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc., or the Board of Directors of the New York Stock Exchange, Inc., and/or the American Stock Exchange, Inc., as I may elect.”
The pertinent arbitration language here in issue (“which does not arise out of the federal securities laws”) does not appear in the Shearson and McKinney agreements. The ultimate question, then, is whether Stolsworth’s state law claims are claims that “arise out of” the federal securities laws.
Petitioners argue that the case law applicable to the distinction between claims brought pursuant to the federal securities laws and those brought pursuant to state law would make Stolsworth’s claims “not arise out of federal securities laws.” Shearson, however, abolishes this distinction. In other words, petitioners claim that, if we interpret the agreement in light of the law applicable at the time of the execution of the account agreement in this case, they win. If, on the other hand, we give effect to the broadened concept of “federal securities laws,” evidenced in Shearson, the term “federal securities laws” embraces Stolsworth’s claims; I think we should give effect to the broad *617 ened concept, and, therefore, that the arbitration clause here in question does not embrace Stolsworth’s claims and the petition for writ of mandamus is due to be denied.
SHORES and STEAGALL, JJ., concur.