698 So.2d 102 (1997)
EASTERN DREDGING & CONSTRUCTION, INC.
v.
PARLIAMENT HOUSE, L.L.C., and Bagby Elevator Company, Inc.
EASTERN DREDGING & CONSTRUCTION, INC., and Berkston Insurance A.V.V.
v.
PARLIAMENT HOUSE, L.L.C.
1951449, 1951614.
Supreme Court of Alabama.
March 14, 1997.
Rehearing Denied June 13, 1997.
Kenneth Lee Cleveland of Coretti, Newsom, Cleveland, Hawkins & Cleveland, Birmingham, for appellants.
F. Timothy McAbee, Birmingham, for Parliament House, L.L.C.
HOOPER, Chief Justice.
Parliament House, L.L.C., the operator of a hotel, is the defendant in these two cases appealed from the Jefferson Circuit Court. The cases involve the renovation of the hotel by Eastern Dredging & Construction, Inc. ("Eastern Dredging"), the general contractor, and various subcontractors, including Bagby Elevator Company ("Bagby"). In Case No. 1951449, Eastern Dredging appeals from Judge Jack Carl's order holding that Eastern Dredging had waived its right to arbitrate its claims by failing to commence arbitration proceedings within the time allowed by the trial court in its "Order Compelling Arbitration." In Case No. 1951614, Eastern Dredging appeals an order entered by Judge William J. Wynn denying Eastern Dredging's motion to compel arbitration. We affirm the order in Case No. 1951449 and also affirm the order in Case No. 1951614.

Case No. 1951449
This action was filed October 17, 1995, by Bagby; against Eastern Dredging, Bagby alleged money due on an account and sought recovery on theories of quantum meruit, and *103 breach of contract. Against Parliament House, Bagby sought a recovery under the theory of quantum meruit and sought enforcement of materialman's liens, both claims arising out of work Bagby had done during the hotel renovation. On December 15, 1995, Eastern Dredging filed an answer and filed a cross-claim for a mechanic's lien against Parliament House. Eastern Dredging simultaneously filed a motion to stay the action and a motion to compel arbitration of its claims against Parliament House. Eastern Dredging claimed that a resolution of its claims against Parliament House would resolve some of Eastern Dredging's disputes with Bagby. On February 1, 1996, the trial court granted the motion to stay proceedings on Bagby's claims and the motion to compel arbitration between Eastern Dredging and Parliament House stating:
"[T]he `Motion to Stay Proceedings and Compel Arbitration' is granted and the parties are given 30 days within which to begin arbitration or the stay will be [rescinded]."
Eastern Dredging entered into settlement negotiations with Parliament House. These negotiations delayed Eastern Dredging's filing of its arbitration demand until March 15, 1996, approximately 13 days after the 30 days allowed by the February 1 order had expired. On March 20, Bagby filed a motion to return the case to the trial docket because of Eastern Dredging's failure to comply with the February 1 order. On April 18, 1996, the trial court granted this motion to return the case to the "standard track" docket and specifically held that Eastern Dredging, by failing to comply with the trial court's order, had "waived its right to arbitration under the contract." Eastern Dredging appealed to this Court. Eastern Dredging made a motion to stay the case in the trial court pending the outcome of this appeal, but the trial court denied that motion.
Eastern Dredging argues that it did not waive its right to arbitrate its claims against Parliament House by delaying its demand for arbitration until March 15, 1996, 13 days after the deadline set by the trial court for beginning arbitration.
This case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 3, and 4. The Federal Arbitration Act has been interpreted to require that
"`any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"
Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 2 (Ala.1986)(quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983))(emphasis added). Thus, there is a presumption against a court's finding that a party has waived the right to compel arbitration. This Court has previously set out the test for determining whether there has been a waiver:
"It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration."
Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897, 899 (Ala.1995). In the Companion Life Ins. Co. case, this Court elaborated on what constituted a waiver of the right to arbitrate: when the party has participated in the judicial process to the extent that arbitration would substantially prejudice the party opposing arbitration only if a party's participation in the judicial process rises to the level of demonstrating an "intention to abandon the right [to arbitrate] in favor of the judicial process" will a waiver be found. 670 So.2d at 899.
Whether there has been a waiver should be determined on a case-by-case basis and the answer will vary depending on the specific facts of the case. Companion Life Ins. Co., 670 So.2d at 899. Moreover, this Court noted in Ex parte Merrill Lynch that "[m]erely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver." 494 So.2d at 3 (quoting Clar Productions, Ltd. v. Isram Motion Pictures, 529 F.Supp. 381, 383 (S.D.N.Y.1982), quoting, in turn, Demsey & Assocs. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir.1972)). *104 Eastern Dredging petitioned the trial court to compel arbitration at the same time it answered Bagby's complaint. Eastern Dredging filed a cross-claim in order to preserve its right to a mechanic's lien; Ala.Code 1975, § 35-11-221, imposes a six-month statute of limitations on such a lien. The only other action taken by Eastern Dredging or by any other parties between the filing of the motion to compel arbitration on December 15, 1995, and the filing of the March 15, 1996, motion was a motion to consolidate all of the cases relating to the Parliament House renovation.
We conclude that Eastern Dredging's delay in commencing arbitration caused no prejudice to the opposing parties. This Court has noted:
"Factors tending to show prejudice may include the length of the party's delay in demanding arbitration and the expense incurred by the other party by participating in the litigation."
Terminix Int'l Co., Ltd. v. Jackson, 669 So.2d 893 (Ala.1995). Parliament House has not alleged that it suffered any prejudice by the delaythe length of time was relatively minor and Parliament House incurred no expenses, because nothing occurred in the 13-day interim. Thus, Parliament House suffered no prejudice from the 13-day delay.
However, that is not the end of our analysis. It is a well-understood principle of law that the trial court is vested with the authority "to manage its affairs in order to achieve the orderly and expeditious disposition of cases." Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala.1989). Eastern Dredging failed to initiate arbitration within 30 days, despite the clear language in the trial court's order indicating that it had only 30 days in which to do so. Specifically, the order of the trial court stated:
"[T]he Court ... ORDERS, ADJUDGES and DECREES that the `Motion To Stay Proceedings and Compel Arbitration' is granted and the parties are given 30 days within which to begin arbitration or the stay will be [rescinded]."
Because Eastern Dredging failed to initiate arbitration proceedings within the 30 days allowed by the court, Judge Carl, acting within his discretion to manage the affairs before his court, rescinded the stay.
A trial court must have the authority to manage its affairs when parties fail to comply with its orders. Iverson, supra. Judge Carl did not abuse his discretion in rescinding the stay, because it was clear from the order that the stay would be rescinded if Eastern Dredging did not commence arbitration expeditiously. Moreover, Eastern Dredging was not totally precluded from pursuing its claims against Parliament House; it merely no longer had the option of arbitrating its claims.
Judge Carl gave the parties specific notice that arbitration was to be initiated within 30 days. Eastern Dredging claims that the delay was insignificant and was due to its anticipation that promising settlement negotiations being conducted with Parliament House would resolve their dispute. Eastern Dredging postponed its initiation of arbitration proceedings because it wanted to wait to see if the settlement negotiations with Parliament House were successful. However, when it became apparent that the dispute with Parliament House would not be settled within the 30 days, Eastern Dredging should have asked the trial judge for an extension of time. Eastern Dredging failed to do so. We conclude that it is not unjust for Judge Carl to hold the parties to the terms of his order.
By precluding Eastern Dredging from initiating arbitration after the 30 days had expired, Judge Carl was acting in a manner consistent with his authority to manage the cases before his court. This was not an abuse of discretion. Therefore, in Case No. 1951449, we affirm Judge Carl's order, which in effect precluded Eastern Dredging from requiring arbitration of its claims against Parliament House and which lifted the stay in the proceedings between Eastern Dredging, Parliament House, and Bagby.

Case No. 1951614
On March 12, 1996, Eastern Dredging sued Parliament House in the Circuit Court of Jefferson County, asserting a materialman's lien, in order to recover for labor and material provided for the hotel renovation; it *105 also alleged a breach of contract. This case was assigned to Judge William J. Wynn. When it filed the action, Eastern Dredging also filed a motion to compel arbitration and a motion to stay proceedings until Eastern Dredging and Parliament House had complied with the February 1, 1996, arbitration order by Judge Carl in the other case. On May 7, 1996, Eastern Dredging filed a second motion to compel arbitration in Judge Wynn's case. Judge Wynn denied the motion to compel arbitration, on May 22, 1996, because of Judge Carl's order holding that Eastern Dredging had waived its right to arbitrate its claims against Parliament House. Eastern Dredging appealed on June 21, 1996.
The claims presented in the case before Judge Wynn are virtually identical to the claims presented in the case before Judge Carl, and they arise from the same transaction or occurrence, the renovation of the Parliament House Hotel. However, this case was not filed until after the 30 days set by Judge Carl for the initiation of the arbitration process had expired, and, consequently, as it was later determined by Judge Carl, after Eastern Dredging had waived the right to arbitrate. We have concluded above that Judge Carl did not abuse his discretion by holding that Eastern Dredging had waived its right to arbitrate the claims against Parliament House; thus, neither did Judge Wynn abuse his discretion by enforcing Judge Carl's order. Moreover, if this Court were to hold otherwise, such a decision could potentially open the floodgates of litigation. A party who suffered an adverse ruling in one court could simply file another lawsuit involving the same claims and parties, as in this situation, and thereby perhaps have another judge rule in its favor on an issue already decided against it by the first court.
Therefore, we affirm Judge Wynn's order in Case No. 1951614, which denied the motion to compel arbitration and the motion to stay the proceedings, but we remand the case for Judge Wynn to determine whether sanctions against Eastern Dredging are appropriate because of what could be interpreted as an attempt by Eastern Dredging to avoid Judge Carl's finding of a waiver by filing a second virtually identical action.
CASE NO. 1951449AFFIRMED.
CASE NO. 1951614AFFIRMED BUT REMANDED.
SHORES, HOUSTON, and BUTTS, JJ., concur.
COOK, J., concurs in Case No. 1951449 and concurs in the result in Case No. 1951614.
SEE, J., concurs in the result.
MADDOX, J., concurs in Case No. 1951614 and dissents in Case No. 1951449.
MADDOX, Justice (concurring as to Case No. 1951614 and dissenting as to Case No. 1951449).
In its opinion, the Court holds that the trial court did not abuse its discretion in barring arbitration on the basis that Eastern Dredging & Construction, Inc., had waived its right to compel arbitration by failing to timely comply with the trial court's order.
The evidence indicates to me that settlement negotiations had been entered into by the parties and that the filing of a demand for arbitration was delayed approximately 13 days after the time allowed by the court order had expired. This case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 3, and 4. Under that Act,
"`any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"
Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 2 (Ala.1986) (quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)) (emphasis added). As the Court states in its opinion, there appears to be an indication that a waiver of the right to arbitrate has occurred.
It is established that there was a delay in filing a motion to compel; however, an important consideration is whether this delay in filing a motion to compel arbitration prejudiced *106 Parliament House. On this issue, this Court has held:
"Factors tending to show prejudice may include the length of the party's delay in demanding arbitration and the expense incurred by the other party by participating in the litigation."
Terminix Int'l Co., Ltd. v. Jackson, 669 So.2d 893 (Ala.1995). There is no indication in the record that Parliament House suffered any prejudice from the delay.
But for the rule of law that questions regarding the scope of arbitrable issues should be resolved in favor of arbitration, I would uphold the right of trial courts to control their dockets in cases such as the one appealed here from Judge Carl's court. I can find no prejudice here; consequently, I must respectfully dissent in Case No. 1951449. I concur in Case No. 1951614.