709 So.2d 1194 (1998)
STEWART TITLE OF MOBILE, INC.
v.
Ted E. MONTALVO, et al.
1960177.
Supreme Court of Alabama.
January 30, 1998.
Louis E. Braswell of Hand Arendall, L.L.C., Mobile, for appellant.
William H. Philpot, Jr., Mobile, for appellees.
BUTTS, Justice.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(F), Ala. R.App.P.
ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., dissent.
MADDOX, Justice (dissenting).
This appeal involves a question of the right of a defendant to compel arbitration. Because this Court refuses to compel arbitration, I respectfully dissent.
Stewart Title Guaranty Company, a Texas corporation, issued the plaintiffs a title insurance policy that contained an arbitration clause. Stewart Title of Mobile, Inc., an Alabama corporation, signed the policy as the "authorized signatory." The trial court compelled arbitration of the plaintiffs' claims against Stewart Title Guaranty, but refused to compel arbitration of their claims against Stewart Title of Mobile. The specific questions presented on this appeal are: (1) Did Stewart Title of Mobile have standing to compel arbitration? and (2) if so, did it waive its right to compel arbitration?
I believe Stewart Title of Mobile did have standing to compel arbitration under the particular facts and circumstances of this case. Because of the strong federal policy favoring arbitration, I also believe that it did not waive its right to compel arbitration. Consequently, I would reverse and remand.
Ted Montalvo and Kathryn Montalvo, husband and wife, were purchasing a house in Mobile. They hired Stewart Title of Mobile, and Stewart Title Guaranty Company, to examine the title of the property they were purchasing and to provide title insurance. After the title examination was completed, the Montalvos completed the purchase; they subsequently discovered that the property had been the subject of foreclosure proceedings and was still subject to rights of redemption under applicable law.
The Montalvos initially sued Stewart Title of Mobile and Cooper and Company, Inc., the listing and selling broker for the property, asserting, in separate counts, claims of misrepresentation, suppression, negligence and/or wantonness, and breach of contract. Later, the Montalvos amended their complaint to add Stewart Title Guaranty as a defendant, asserting against Stewart Title Guaranty the same claims they had asserted against Stewart Title of Mobile.[1]
*1195 Stewart Title Guaranty moved the trial court to compel arbitration. The trial court granted its motion, but denied a similar motion made by Stewart Title of Mobile. Stewart Title of Mobile appeals from that order denying arbitration.
The arbitration clause that is the basis of the appeal is contained in the title insurance policy issued by Stewart Title Guaranty, which a representative of Stewart Title of Mobile signed as an authorized signatory. The clause states:
"Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or related to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation."

I.
The first issue is whether the arbitration clause is broad enough in scope to authorize Stewart Title of Mobile to compel arbitration of the claims filed against it by the Montalvos.
It is undisputed that the title insurance contract involves interstate commerce, because the Montalvos are residents of Alabama and Stewart Title Guaranty is a Texas corporation. Because the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1982), preempts state law and regulates all written arbitration agreements appearing in contracts involving interstate commerce, the trial court correctly held that Stewart Title Guaranty was entitled to compel arbitration. Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). The question presented here, however, is whether Stewart Title of Mobile is also entitled to compel arbitration.
The Montalvos argued before the trial court, and they contend here, that the arbitration provision does not apply to Stewart Title of Mobile because the provision in the title insurance policy refers specifically only to Stewart Title Guaranty.
Stewart Title of Mobile, on the other hand, citing Ex parte Gray, 686 So.2d 250 (Ala. 1996), and stating that its representative signed the contract on its behalf as an "authorized signatory," contends that the arbitration clause in the title insurance policy is broad enough in scope to include the claims asserted against it by the Montalvos. Stewart Title of Mobile further argues that "the Federal Arbitration Act establishes a strong federal policy favoring arbitration, requiring that the courts `rigorously enforce' arbitration agreements."[2]
*1196 Stewart Title of Mobile further contends that "the claims asserted against Stewart Title of Mobile are arbitrable because they are the same as, and present the same factual issues as, the claims against Title Guaranty Company, which the trial court ordered for arbitration."
When there is an ambiguity as to the scope of the arbitration clause, it should be resolved in favor of arbitration. Volt Information Sciences, Inc. v. Board of Trustees of Stanford University, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Based on the law of arbitration, as I understand it, I believe that the arbitration clause in the title insurance policy is broad enough in scope to include the claims asserted against Stewart Title of Mobile by the Montalvos, and that Stewart Title of Mobile is entitled to compel arbitration of those claims.

II.
The next issue is whether Stewart Title of Mobile waived its right to compel arbitration.
The Montalvos argued at trial, and renew their argument here, that even if Stewart Title of Mobile was entitled to arbitration it waived its right to demand arbitration.
"It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration." Companion Life Ins. Co. v. Whitesell Mfg., Inc. 670 So.2d 897, 899 (Ala.1995). In that case, this Court discussed the factors to be considered when the issue of waiver is presented:
"Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case."
670 So.2d at 899. The Court has also stated that "[b]ecause arbitration is so strongly favored, `the burden on one seeking to prove waiver is a heavy one.'" Ex parte McKinney, 515 So.2d 693, 701 (Ala.1987) (quoting Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 2 (Ala.1986)).
When the Montalvos amended their complaint to add Stewart Title Guaranty as a defendant, it was apparent that the Montalvos were asserting the same claims against Stewart Title of Mobile as they were asserting against Stewart Title Guaranty. The title insurance policy that representatives of Stewart Title of Mobile signed on its behalf as "authorized signatory," states that "either the Company or the insured may demand arbitration." "The Company" is defined in the policy as "Stewart Title Guaranty Company"; hence, either the Montalvos or Stewart Title Guaranty had the right to demand arbitration.[3]
This Court has previously addressed the question of when a party waives its right to compel arbitration. In Merrill Lynch, Pierce, Fenner & Smith, supra, this Court held that even though the defendant had waited a year to seek arbitration there was no waiver of the right to compel arbitration, because the plaintiff had delayed taking action that would have made arbitration appropriate. 494 So.2d 1, 3.
In Ex parte Gates, 675 So.2d 371 (Ala. 1996), this Court examined the factors a court is to consider when determining whether a party has waived its right to seek arbitration. It stated:
"While a party's substantial invocation of the litigation process is a factor that may tend to show that the party has waived the right to arbitrate, that factor must be accompanied *1197 by a showing that the party opposing arbitration has been prejudiced by the other party's participation in the litigation."
675 So.2d at 374. To prove waiver, the Montalvos must show that they have been prejudiced by Stewart Title of Mobile's participation in the litigation. I believe there was no prejudice and that the Montalvos should be required to arbitrate their claims against Stewart Title of Mobile. The Montalvos asserted the same claims against both Stewart Title Guaranty and Stewart Title of Mobile. It would be more judicially efficient if the claims against Stewart Title of Mobile were also arbitrated. To use words of the Georgia Court of Appeals in Paine, Webber, Jackson & Curtis, Inc. v. McNeal, 143 Ga.App. 579, 582, 239 S.E.2d 401, 404 (1977), I am "persuaded that the ends of justice [would be] more nearly met" by requiring that Stewart Title of Mobile "be allowed to participate in the arbitration."
After examining all of the facts and circumstances of this case, and in view of the holding in Ex parte Gates, I am of the opinion that "the ends of justice" would be more nearly served by holding that Stewart Title of Mobile did not waive its right to compel arbitration of the same claims that the trial court has ordered the plaintiffs to arbitrate in regard to Stewart Title Guaranty.
Based on the foregoing, I dissent.
HOOPER, C.J., and SEE, J., concur.
NOTES
[1] As to the first cause of action, misrepresentation, the complaint states that both Stewart Title Guaranty and Stewart Title of Mobile were hired to examine the title and advise the plaintiffs of the results and that both companies sold the title insurance policy to the plaintiffs. Specifically, the plaintiffs alleged the following:

"Defendants Stewart Title of Mobile, Inc. and Stewart Title Guaranty Co. [were] hired by the plaintiffs to examine the title to said property and fully advise the plaintiffs of the results of their title examination. Additionally, defendants Stewart Title of Mobile, Inc. and Stewart Title Guaranty Co. sold, issued and provided to plaintiffs title insurance."
(C.R. 227.) This paragraph is incorporated by reference into the other three claims. (C.R. 228-29.) Paragraphs seven and eight of the first count refer to misrepresentations of the "defendants" without making any differentiation in the conduct of either defendant. (C.R. 227.)
As to the second claim, suppression, the complaint avers that the "defendants" were guilty of suppression, without differentiating as to the conduct of any particular defendant. (C.R. 228.)
The third claim, negligent and/or wanton conduct, is asserted against only Stewart Title Guaranty and Stewart Title of Mobile. The averments as to this claim make no differentiation in the conduct of either company. This claim avers negligence and wanton conduct against both of the companies in the same language, which is as follows:
"15. Defendants Stewart Title of Mobile, Inc. and Stewart [Title] Guaranty Co. acted negligently and/or wantonly in their performance of a title examination and/or in reporting the results of their title examination.
"16. The negligence and/or wantonness of defendants Stewart Title of Mobile, Inc. and Stewart Title Guaranty Co. proximately caused injury and damage to the plaintiffs."
(C.R. 229.)
The fourth claim, breach of contract, is asserted only against Stewart Title Guaranty and Stewart Title of Mobile. It similarly makes no differentiation in the conduct of either defendant. The same language pertains to the conduct of both parties, as the following paragraphs of the complaint indicate:
"18. Defendant Stewart Title of Mobile, Inc. and Stewart Title Guaranty Co. had a contract with the plaintiffs to examine the title of said property and fully advise plaintiffs of the results of the examination.
"19. Defendant Stewart Title of Mobile, Inc. and Stewart Title Guaranty Co. breached this contract by not properly examining the title and/or not fully advising plaintiffs of the results of their examination."
(C.R. 229.)
In summary, the plaintiffs have asserted identical claims against Stewart Title Guaranty and Stewart Title of Mobile. These claims against both companies appear to be based upon the title examination and upon these defendants' advising the plaintiffs of the results of the examination. I conclude that, in the language of the arbitration clause in the policy issued to the Montalvos by Stewart Title Guaranty, these claims "[arise] out of or [relate] to [the] policy, [some] service of the Company in connection with its issuance or the breach of a policy provision or other obligation."
[2] Ex parte McKinney, 515 So.2d 693, 699 (Ala. 1987)
[3] The action was initially brought against only Stewart Title of Mobile and Cooper and Company. On June 12, 1996, the Montalvos added Stewart Title Guaranty as a defendant. On August 27, 1996, Stewart Title Guaranty demanded arbitration. On September 9, 1996, Stewart Title of Mobile moved to compel arbitration. I would conclude that under the provisions of the arbitration provision Stewart Title of Mobile did not have the right to demand arbitration until Stewart Title Guaranty demanded it. Because Stewart Title of Mobile promptly demanded arbitration after Stewart Title Guaranty did, I would conclude that Stewart Title of Mobile did not waive its right to arbitrate.