Given the circumstances presented here, I must respectfully dissent from the majority's holding that Golden Poultry Company waived its right to arbitrate. On November 20, 1996, Hood filed his complaint, and on December 13, 1996, Golden removed the case to a federal court. The record shows that on March 27, 1997, Golden wrote a letter to Hood's counsel, requesting that the parties voluntarily submit the dispute to arbitration without requiring that a motion to compel arbitration be filed. On March 28, 1997, in Golden's first answer, it raised as a defense that the retaliatory action was barred because of a valid enforceable arbitration agreement. On April 7, 1997, Golden filed a motion to compel arbitration.
This Court has stated that [b]ecause arbitration is so strongly favored, ' "the burden on one seeking to prove waiver is a heavy one." ' " Ex parte McKinney 515 So.2d 693, 701
(Ala. 1987) (quoting Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc., 494 So.2d 1, 2 (Ala. 1986)). In its brief, Golden contends that it removed the case to the federal court because federal courts look more favorably on arbitration agreements than do the courts of this state. Unfortunately, there is merit in the claim that a majority of this Court has been hostile to arbitration. I do not believe that Golden substantially invoked the litigation process simply by removing the case to the federal court, especially in light of the record, which shows an effort to informally settle the matter and in light of this Court's continuing hostility toward enforcement of valid arbitration agreements. See Merrill Lynch, 494 So.2d at 3 (stating that merely answering on the merits, asserting a counterclaim or cross-claim, or participating in discovery, without more, does not constitute a substantial invocation if the litigation process) (citing Demsey Assocs. v. S.S. SeaStar, 461 F.2d 1009, 1018 (2d Cir. 1972)). In its initial answer on the merits, Golden asserted the affirmative defense of arbitration. See Merrill Lynch, 494 So.2d at 3 (indicating that a party clearly has not waived the right to arbitrate if it has asserted that right in its initial answer on the merits).
I also do not believe Golden substantially delayed in moving to compel arbitration. Approximately four months after Hood filed his initial complaint, Golden notified Hood that it wanted to resolve the dispute through arbitration. SeeMerrill Lynch, 494 So.2d at 3 (stating that the defendants' one-year delay in seeking arbitration did not prejudice the plaintiff). Within four and a half months, Golden moved to compel arbitration.
In Ex parte Gates 675 So.2d 371 (Ala. 1996), this Court addressed the question of waiver of arbitration, stating:
 "While a party's substantial invocation of the litigation process is a factor that may tend to show that the party has waived the right to arbitrate, that factor must be accompanied by a showing that the party opposing arbitration has been prejudiced by the other party's participation in the litigation,"
675 So.2d at 364. Therefore, a party's substantial invocation of the litigation process is only one factor for the court to consider in determining whether the party has waived its right to arbitration. Even if Golden had substantially invoked the litigation process, and I do not believe it had in this case, Hood has not shown that he was prejudiced by any delay in Golden's moving to arbitrate the dispute. Further, his counsel was aware, within four months after the complaint was filed, that Golden wanted to enforce the arbitration agreement.
Based on the foregoing, I dissent.
HOOPER, C.J., and SEE, J., concur. *Page 348