775 So.2d 141 (2000)
Ex parte James W. HANDLEY.
(In re James W. Handley v. Protective Life Insurance Company et al.)
1990420.
Supreme Court of Alabama.
June 23, 2000.
*142 Ted L. Mann and Robert Potter of Mann & Cowan, P.C., Birmingham, for petitioner.
W. Michael Atchison, Allan R. Wheeler, and Anthony C. Harlow of Starnes & Atchison, L.L.P., Birmingham, for respondent Protective Life Insurance Company.
Louis B. Lusk of Lusk & Lusk, Guntersville, for respondent Valley Finance, Inc.
PER CURIAM.
James W. Handley, the plaintiff in an action pending in the Marshall Circuit Court, petitions for a writ of mandamus directing the trial court to vacate its order compelling arbitration of his claims against Protective Life Insurance Company. After examining the petition, the briefs, and the accompanying materials, we conclude that Handley has shown a clear legal right to the relief requested, see Ex parte Napier, 723 So.2d 49 (Ala.1998); therefore, we grant the petition and issue the writ.
Handley filed his complaint against Protective Life on February 20, 1998, seeking damages based on allegations of breach of contract, fraud, and bad-faith failure to pay an insurance claim. Handley's claims are based on allegations that Valley Finance, Inc., acting as Protective Life's agent, made certain misrepresentations to him in connection with the sale of credit-disability insurance. Handley alleged that he obtained a loan from Valley and that in conjunction with that loan he purchased credit-disability insurance from Protective Life. As a part of the loan transaction, Handley agreed to arbitrate any disputes that he might have with Valley. Handley did not include Valley as a defendant in his action against Protective Life.
Protective Life answered the complaint, asserting certain affirmative defenses, and over the following months it participated in discovery. On June 22, 1999, Protective Life filed a third-party indemnity action against Valley. On August 20, 1999, approximately 18 months after Handley had filed his action, Protective Life moved to compel arbitration of his claims. Protective Life's motion was based on arbitration provisions contained in a certificate of insurance and a group insurance policy that Protective Life had issued to Handley. Shortly after Protective Life had filed its motion to compel, Valley moved to compel arbitration of Handley's claims against Protective Life and Protective Life's indemnity claim, based on an arbitration provision contained in Handley's loan documents, on an arbitration provision contained in Valley's agency contract with Protective Life, and on the arbitration provisions contained in the certificate of insurance *143 and the group policy. The trial court granted both motions, stating:
"The motion[s] filed by defendants to compel arbitration [are] hereby granted. The court finds that defendant Protective Life has substantially engaged in the litigation process and would not, by itself[,] be entitled to force arbitration because of the delay in demanding the same. This is not true of the other defendant, who appears to this court to have a clear right to enforce the arbitration clauses in the application, the certificate of insurance and the group policy mentioned in the certificate of insurance. In that Valley is entitled to arbitration[,] that right cannot meaningfully be severed from the stale rights of Protective Life. All proceedings in this case are stayed pending the outcome of arbitration. Case ordered on administrative docket."
The trial court ruled that Protective Life had substantially invoked the litigation process and that in doing so Protective Life had prejudiced Handley. For that reason, according to the trial court, Protective Life had waived its right to arbitrate. However, the court ruled that Valley had the right to arbitrate Protective Life's third-party indemnity claim and that Valley had standing to require Handley to arbitrate his claims against Protective Life. The trial court apparently reasoned that one or more of the arbitration provisions agreed to by Handley was broad enough to confer a right on Valley to require the arbitration of Handley's claims against Protective Life and that Handley's claims against Protective Life were so intimately involved or intertwined with Protective Life's indemnity claim against Valley that it would be inequitable and an improper use of judicial resources to sever Handley's claims from Protective Life's claims and allow those claims to be resolved in different forums. Handley argues, however, that the trial court acted within its discretion in ruling that Protective Life had substantially invoked the litigation process and had thereby waived its right to arbitrate under one or more of the arbitration provisions contained in the certificate of insurance and the group insurance policy. That ruling, according to Handley, should be conclusive with respect to Protective Life's motion to compel and with respect to Valley's motion to compel the arbitration of his claims against Protective Life. In other words, Handley takes the position that, whatever arbitration rights Valley may have, Valley does not have standing to require arbitration as between Handley and Protective Life, when Protective Life has waived its right to arbitrate. We agree.
This Court applies an abuse-of-discretion standard in reviewing a trial court's ruling on a party's objection to arbitration on the ground of waiver. See, e.g., Companion Life Ins. Co. v. Whitesell Mfg., Inc., 670 So.2d 897 (Ala.1995). Although Protective Life clearly had the right to arbitrate Handley's claims by virtue of the arbitration provisions contained in the certificate of insurance and in the group policy, it waited approximately 18 months before it moved to compel arbitration. During that period, Protective Life engaged in discovery and filed a third-party indemnity action against Valley. All of this strongly suggests that Protective Life intended, at least initially, to resolve its disputes with Handley and Valley through the judicial process instead of through the arbitration process. After reviewing the facts of this case, we can find no abuse of discretion on the trial court's part in determining that Protective Life had substantially invoked the litigation process and that the delay caused by that action was prejudicial to Handley.
However, we disagree with the trial court's conclusion that Handley's claims must nonetheless be arbitrated. This Court has recognized that a right to arbitrate may arise by contract or, under certain limited circumstances, by application of the doctrine of equitable estoppel. See First Family Fin. Servs., Inc. v. Rogers, *144 736 So.2d 553 (Ala.1999), and the cases cited therein. However, neither of these bases for compelling arbitration is present here, because Handley did not sue Valley and Protective Life has waived its right to arbitrate Handley's claims. Without more, the fact that related claims may ultimately have to be resolved in different forums (Handley's claims will be resolved through the judicial process and Protective Life's indemnity claim will be resolved through the arbitration process) is not a sufficient basis for compelling the objecting party to arbitrate. See, e.g., Nissan Acceptance Corp. v. Jackson, 738 So.2d 812 (Ala.1999); Universal Underwriters Life Ins. Co. v. Dutton, 736 So.2d 564 (Ala.1999); First Family Fin. Servs., Inc. v. Rogers, supra.
PETITION GRANTED; WRIT ISSUED.
MADDOX, HOUSTON, COOK, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., concurs specially.
BROWN, J., concurs in the result.
SEE, J., dissents.
HOOPER, Chief Justice (concurring specially).
I agree that Valley, in this particular case, has no standing to force Handley and Protective Life Insurance Company to arbitrate the claims unique to Handley and Protective Life. It is my opinion, however, that this holding might not apply if Valley's involvement had been so intertwined with Handley's underlying claim against Protective Life that Valley would be considered a necessary party to Handley's action against Protective Life.
SEE, Justice (dissenting).
The majority issues a writ of mandamus directing the trial court to vacate its order compelling arbitration of the plaintiff Handley's claims against Protective Life Insurance Company. I dissent.
First, I disagree with the main opinion's statement that "[t]his Court applies an abuse-of-discretion standard in reviewing a trial court's ruling on a party's objection to arbitration on the ground of waiver." 775 So.2d at 143. The correct standard of review is that a trial court's legal conclusion that a party has waived its right to arbitration is subject to de novo review and that a trial court's findings of fact supporting that legal conclusion are subject to the "clearly erroneous" standard of review. Big Valley Home Center, Inc. v. Mullican, 774 So.2d 558 (Ala.2000).
Second, I disagree with the majority's acceptance of the trial court's holding that Protective Life has waived its right to compel arbitration by "substantially engag[ing] in the litigation process." (Order of October 1, 1999.) In Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986), this Court stated the general rule regarding a waiver of the right to arbitrate:
"`It is well settled that there is a strong federal policy favoring arbitration and a waiver of the right to compel arbitration will not be lightly inferred. [Citations omitted.]'
"[American Dairy Queen Corp. v. Tantillo, 536 F.Supp. 718, 720 (M.D.La. 1982).] ... In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the United States Supreme Court agreed that there is a strong federal policy favoring arbitration:
"`The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'
"460 U.S. at 24-25, 103 S.Ct. at 941.

*145 "There is considerable support for the proposition that the determination of whether there has been a waiver must be made on a case-by-case basis and is to be based on the particular facts of each case. However, a two-pronged test has developed which courts use when considering whether a party has waived the right to arbitrate. First, the party opposing arbitration must prove that there has been a `substantial invocation of the litigation process.' Tantillo, supra. This[,] however, is only part of what a party is required to prove in order for the court to find that the other has waived the right to seek arbitration.
"`Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration. [Citations omitted.]'
"536 F.Supp. at 722.
". . . .
"... This rule was also set out in Clar Productions, Ltd. v. Isram Motion Pictures, 529 F.Supp. 381 (S.D.N.Y.1982):
"`Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver.' Demsey & Assocs. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir.1972). And in Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir.1965), it was stated that the earliest point at which waiver of the right to arbitration may be found `is when the other party files an answer on the merits.'
"529 F.Supp. at 383."
494 So.2d at 2-3 (alterations and emphasis in Ex parte Merrill Lynch).
Protective Life, in response to Handley's complaint, filed an answer on the merits. Protective Life did not in that answer assert the defense of arbitration. However, as this Court stated in Ex parte Merrill Lynch (quoting Clar Productions), merely filing an answer on the merits is insufficient to constitute a waiver. Protective Life also filed a third-party complaint against Valley Finance, Inc., seeking indemnification. However, that third-party complaint against Valley is not inconsistent with Protective Life's independent right to compel arbitration of Handley's claims against it and cannot constitute a ground for a finding of waiver. Protective Life propounded to Handley one set of interrogatories and one set of requests for production. Handley asserts that he has responded to these discovery requests. Although Handley asserts that Protective Life has noticed his deposition, Protective Life asserts that no depositions have yet been taken. As Ex parte Merrill Lynch indicates, participation in limited discovery, without more, does not amount to a waiver of the right to arbitration. See 494 So.2d at 3. I conclude that Protective Life's filing an answer and a third-party complaint and its participation in limited discovery do not constitute substantial participation in the litigation process.
Handley has not established that he has been prejudiced by Protective Life's delay in moving to compel arbitration or by its limited participation in the litigation process. See Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 109 (Ala.1995) (on remand) ("`Substantial invocation of the litigation process' is a factor that may tend to show that a party has waived the right to arbitrate. That factor, however, must be accompanied by a showing that the party opposing arbitration has been prejudiced by the other party's participation in the litigation." (Citations omitted.)).
Accordingly, I would hold that Protective Life is entitled to compel arbitration of Handley's claims against it, based on the certificate of insurance and the insurance policy, and that Valley is entitled to compel arbitration of Protective Life's indemnification claim against it, based on the agency agreement between Protective Life and Valley.