SEE, Justice
(dissenting).
The majority issues a writ of mandamus directing the trial court to vacate its order compelling arbitration of the plaintiff Handljey’s claims against Protective Life Insurance Company. I dissent.
First, I disagree with the main opinion’s statement that “[t]his Court applies an abuse-of-discretion standard in reviewing a trial court’s ruling on a party’s objection to arbitration on the ground of waiver.” 775 So.2d at 143. The correct standard of review is that a trial court’s legal conclusion that a party has waived its right to arbitration is subject to de novo review and that a trial court’s findings of fact supporting that legal conclusion are subject to the “clearly erroneous” standard of review. Big Valley Home Center, Inc. v. Mullican, 774 So.2d 558 (Ala.2000).
Second, I disagree with the majority’s acceptance of the trial court’s holding that Protective Life has waived its right to compel arbitration by “substantially engaging] in the litigation process.” (Order of October 1, 1999.) In Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986), this Court stated the general rule regarding a waiver of the right to arbitrate:
“ ‘It is well settled that there is a strong federal policy favoring arbitration and a waiver of the right to compel arbitration will not be lightly inferred. [Citations omitted.]’
“[American Dairy Queen Corp. v. Tantillo, 536 F.Supp. 718, 720 (M.D.La.1982).] ... In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the United States Supreme Court agreed that there is a strong federal policy favoring arbitration:
“ ‘The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbi-trable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.’
“460 U.S. at 24-25, 103 S.Ct. at 941.
*145 “There is considerable support for the proposition that the determination of whether there has been a waiver must be made on a case-by-case basis and is to be based on the particular facts of each ease. However, a two-pronged test has developed which courts use when considering whether a party has waived the right to arbitrate. First, the party opposing arbitration must prove that there has been a ‘substantial invocation of the litigation process.’ Tantillo, supra. This[,] however, is only part of what a party is required to prove in order for the court to find that the other has waived the right to seek arbitration.
“‘Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration. [Citations omitted.]’
“586 F.Supp. at 722.
[[Image here]]
“... This rule was also set out in Clar Productions, Ltd. v. Isram Motion Pictures, 529 F.Supp. 881 (S.D.N.Y.1982):
“ ‘Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver.’ Demsey & Assocs. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir.1972). And in Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir.1965), it was stated that the earliest point at which waiver of the right to arbitration may be found ‘is when the other party files an answer on the merits.’
“529 F.Supp. at 383.”
494 So.2d at 2-3 (alterations and emphasis in Ex parte Merrill Lynch).
Protective Life, in response to Handley’s complaint, filed an answer on the merits. Protective Life did not in that answer assert the defense of arbitration. However, as this Court stated in Ex parte Merrill Lynch (quoting Clar Productions), merely filing an answer on the merits is insufficient to constitute a waiver. Protective Life also filed a third-party complaint against Valley Finance, Inc., seeking indemnification. However, that third-party complaint against Valley is not inconsistent with Protective Life’s independent right to compel arbitration of Handley’s claims against it and cannot constitute a ground for a finding of waiver. Protective Life propounded to Handley one set of interrogatories and one set of requests for production. Handley asserts that he has responded to these discovery requests. Although Handley asserts that Protective Life has noticed his deposition, Protective Life asserts that no depositions have yet been taken. As Ex parte Merrill Lynch indicates, participation in limited discovery, without more, does not amount to a waiver of the right to arbitration. See 494 So.2d at 3. I conclude that Protective Life’s filing an answer and a third-party complaint and its participation in limited discovery do not constitute substantial participation in the litigation process.
Handley has not established that he has been prejudiced by Protective Life’s delay in moving to compel arbitration or by its limited participation in the litigation process. See Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 109 (Ala.1995) (on remand) (“‘Substantial invocation of the litigation process’ is a factor that may tend to show that a party has waived the right to arbitrate. That factor, however, must be accompanied by a showing that the party opposing arbitration has been prejudiced by the other party’s participation in the litigation.” (Citations omitted.)).
Accordingly, I would hold that Protective Life is entitled to compel arbitration of Handley’s claims against it, based on. the certificate of insurance and the insurance policy, and that Valley is entitled to compel arbitration of Protective Life’s indemnification claim against it, based on the agency agreement between Protective Life and Valley.