Harper SIBLEY, Jr., Plaintiff-Appellant
Cross Appellee,

v.

TANDY CORPORATION et
al., Defendants,

Tandy Corporation, Defendant-Appellee
Cross Appellant.

No. 75–1243.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1977.

Robert L. Blumenthal, Rod Phelan, Earl F. Hale, Jr., Dallas, Tex., for appellant.

Warren W. Shipman, III, Donald H. Ray, Charles L. Stephens, Cecil E. Munn, Sloan B. Blair, Fort Worth, Tex., for Tandy Corp.

R. F. Snakard, Fort Worth, Tex., for Fort Worth Nat. Bank.

ON PETITION FOR REHEARING

Before GEWIN, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

The linchpin of Parker's petition for rehearing concerns this sentence in our opinion, 543 F.2d at 542: "By a timely

motion Tandy moved to have the contract submitted to arbitration and to have the federal securities law claims stayed pending arbitration." Parker correctly points out that Tandy's *motion* did not ask for a stay of the nonarbitrable federal securities law claims pending arbitration but only the arbitrable claims. This being so, Parker asserts that with respect to the securities law claims the results of the trial should be permitted to stand. Parker's petition makes it necessary that we state at greater length what occurred in the district court with respect to possible stays.

Parker responded to Tandy's motion to stay with a brief urging the district court to deny the motion and to hold that the entire dispute must be tried in the court because all issues were indistinguishable, inextricably intertwined and incapable of severance. Alternatively, Parker asked that if a severance was granted the court enter an order that arbitration should not begin until after the securities law claims had been tried. Tandy responded with a reply brief[1] in which it requested that trial of the securities law claims be stayed.

In short, the parties squarely put before the court the question of what it should do: should it try all issues, or carve out the arbitrable issues, and, if the latter, should it stay trial of the securities claims until the arbitration was concluded, or stay arbitration until the trial concluded, or stay neither and permit both trial and arbitration to proceed. The court accepted Parker's primary argument. It ordered that all issues should be tried before the court and declared that arbitration of any issues was inappropriate and would violate the federal securities law.

■ This case is "essentially a dispute over corporate valuations centered around complex issues of accounting and valuation. The securities law claim was the rather small tail to a much larger dog." 543 F.2d at 543. As we explained in our opinion, both the nature of the dispute and the claims made by Parker cried out for arbitration's being first in time. Parker, however, successfully urged upon the court its primary position that everything must be settled in court and that nothing could be arbitrated. It not only prevented arbitration's being first in time but also secured a declaration that foreclosed the possibility of arbitration's and trial's proceeding simultaneously. Having persuaded the court to choose a course 180 degrees off the correct one, Parker has little force to his argument that he should be permitted to enjoy the substantial benefits of a trial that should not have been held. We have previously rejected such an argument, *General Guaranty Ins. Co. v. New Orleans General Agency, Inc.,* 427 F.2d 924, 929 (C.A.5, 1970), and we do so again. The argument is inconsistent with the policies underlying the Arbitration Act. It is inconsistent with judicial recognition of arbitration as a socially desirable instrumentality for the settlement of disputes outside the courtrooms of beleaguered courts. In the long run, acceptance of it would ill serve both the courts and those who voluntarily contract to arbitrate their disputes.

The suggestion is made that our opinion cuts off Parker from asserting after arbitration any securities law claims it might have. We have not intended to suggest that. We did, and do, suggest that in a practical sense arbitration first in time might have disposed of this suit and, if not, might have limited its scope and clarified it. And it still might.

The petition for rehearing is DENIED.

---

1. It pointed out various of the considerations noted in our opinion which mandated that arbitration *should be first in time.*