AMERICAN DAIRY QUEEN CORPORATION and DQF, Inc.

v.

Charles R. TANTILLO, et al.

Civ. A. No. 81–435–B.

United States District Court, M. D. Louisiana.

April 15, 1982.

Sam A. LeBlanc, III, Adams & Reese, New Orleans, La., for plaintiffs.

Dando B. Cellini, Donald R. Mintz, Henri Wolbrette, III, Ellis B. Murov, McGlinchey, Stafford & Mintz, New Orleans, La., for defendants.

POLOZOLA, District Judge.

This matter is before the Court on the motion of Charles R. Tantillo, Larry L. Luttjohann, Franchise Development, Dairy Queen of Louisiana, Inc., and Dairy Queen of Prairieville, Inc. to stay all further proceedings pending arbitration of this dispute. The complaint in this matter was filed on June 9, 1981 alleging breach of a territory agreement. The plaintiffs seek an injunction against any continuing violations of the agreement, payment of past due license and advertisement fees, interest on certain promissory notes, recovery of certain sums allegedly due under a lease agreement, and damages for an alleged trademark infringement. On September 30, 1981 the defend-

ants filed an answer and counterclaim. The defendants deny owing anything under the contract and claim that they are entitled to damages because of the plaintiffs' misrepresentations which the defendants claim induced them to enter into the contract.

On March 8, 1982 the defendants filed this motion to stay all proceedings pending arbitration. The plaintiffs oppose this motion, maintaining that the defendants have waived their right to compel arbitration by their activities in this lawsuit. For reasons which follow, the Court finds that defendants' motion to stay these proceedings pending arbitration should be granted.

 Paragraph 9 of the territory agreement provides:

*In the event any dispute between the parties arising under, out of, in connection with or in relation to this Agreement, said dispute shall be submitted by the parties to binding arbitration in accordance with the Rules and Procedures and under the auspices of the American Arbitration Association.* The arbitration shall take place at Minneapolis, Minnesota or at such other place as may be mutually agreeable to the parties. The decision of the arbitrators shall be final and binding on all parties. Notwithstanding the foregoing, Licensee recognizes that the business operations conducted by him hereunder are part of a large number of similar operations selling to the public similar products, and hence the failure on the part of a single Licensee or sublicensee to comply with the terms of his or its license agreement could cause irreparable damage to Company and to some or all other licensees and sublicensees. Therefore, it is mutually agreed that in the event of a breach or threatened breach of any of the terms of this Agreement by Licensee, Company shall forthwith be entitled to an injunction restraining such breach and/or a decree of specific performance without having to show or prove any actual damages. The foregoing equitable remedy shall be in addition to, and not in lieu of, all other remedies or rights which Company might otherwise have by virtue of any breach of this Agreement by Licensee. In the event Company is awarded equitable or legal relief or prevails in an arbitration proceeding hereunder, it shall also be entitled to recover therein its costs and disbursements in obtaining such relief or award including its reasonable attorney fees. (Emphasis added.)

Defendant's motion to stay was brought pursuant to 9 U.S.C. § 1 et seq. of the Federal Arbitration Act. 9 U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

It is well settled that there is a strong federal policy favoring arbitration and a waiver of the right to compel arbitration will not be lightly inferred. *United States, etc. v. S. T. C. Construction Company*, 472 F.Supp. 1023 (E.D.Penn.1979); *Shinto Shipping Company, Ltd. v. Fibrex Shipping Co., Inc.*, 572 F.2d 1328 (9 Cir. 1978); *Hart v. Orion Insurance Company*, 453 F.2d 1358 (10 Cir. 1971); *United Steelworkers of America v. Warrior and Gulf Navigation*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Therefore, the burden on one seeking to prove waiver is a heavy one. *Sibley v. Tandy Corporation*, 543 F.2d 540 (5 Cir. 1977), rehearing 547 F.2d 286, cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82. The question of what constitutes a waiver of the right of arbitration depends on the facts of each case. *Burton-Dixie Corporation v. Timothy McCarthy Construction Company*, 436 F.2d 405 (5 Cir. 1971). Both

parties have cited many cases in support of their respective positions, all of which indicate that a determination of waiver depends on the actions of the parties in the particular case and the facts of each case.

The plaintiffs rely on *E. C. Ernest Inc. v. Manhattan Construction Company of Texas*, 551 F.2d 1026 (5 Cir. 1977) on rehearing, 559 F.2d 268, cert. denied 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978), to support their contention that a waiver has resulted from the defendants' actions. In *Ernest*, the Fifth Circuit stated:

> Substantially invoking the litigation machinery qualified as the kind of prejudice ... that is the essence of waiver. 559 F.2d 268, 269

However, the Court does find the *Ernest* case controlling herein. In *Ernest* the case had been pending for 2½ years before a motion to stay was filed. Additionally, the party seeking arbitration had crossclaimed, appealed, participated in discovery, and filed several motions. In the case before this Court, the defendants have not participated in the litigation to this degree. A review of the record indicates that the defendants have filed a counterclaim, answered the plaintiffs' interrogatories and filed interrogatories and a motion for production, to which plaintiffs have not responded. The plaintiffs have propounded interrogatories, made production requests, noticed two depositions, and filed motions to compel on their discovery motions. No depositions have actually been taken in this case. A review of the cases indicates that the courts have allowed considerable more activity in this case without finding that a party has waived his contractual right to arbitrate. See, *Southwest Industrial Import and Export v. Wilmond Company, Inc.*, 524 F.2d 468 (5 Cir. 1975) (seller-mover's participation in settlement discussions and self-help measure of re-selling goods in dispute did not amount to a waiver of arbitration right under the contract); *General Guaranty Insurance Company v. New Orleans General Agency, Inc.*, 427 F.2d 924 (5 Cir. 1970) moving party filed answer denying liability, filed a counterclaim, attempted to implead parties, and allowed the other parties to take two depositions before demanding arbitration); *J & S Construction Company, Inc. v. Traveler's Indemnity Company*, 520 F.2d 809 (1 Cir. 1975) (the defendant answered, demanded a jury trial, answered interrogatories, permitted depositions, and did not move for a stay until thirteen months after the action was commenced); *Carcich v. Rederi A/B Nordie*, 389 F.2d 692 (2 Cir. 1968), (third party defendant participated in pre-trial proceedings two years before requesting a stay); *China Union Lines v. American Marine Underwriters*, 458 F.Supp. 132 (S.D.N.Y.1978) (mover had answered and waived two years before requesting stay).

In the case currently before the Court, only nine months have elapsed between the filing of the complaint and the filing of this motion to stay. A minimal amount of discovery has been conducted, most of it by the plaintiffs. A stay order has been issued by the Court limiting discovery to matters pertaining to arbitration.

Many of the cases relied on by the plaintiffs in support of a finding of waiver involved greater litigation participation by the moving party. In *E. I. DuPont DeNemours and Company v. Lyles and Lang Construction Company*, 219 F.2d 328 (4 Cir. 1955) cert. denied 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280, the Court found waiver when, in addition to filing a counterclaim, the mover had filed a motion for a judgment on the pleadings and for summary judgment as well as seeking to bring in an additional party. In *Burton-Dixie Corporation v. Timothy McCarthy Construction Company*, 436 F.2d 405 (5 Cir. 1971) the party desiring arbitration answered, impleaded additional parties and litigated the matter. Similarly, in *Blake Construction Company v. United States*, 252 F.2d 658 (5 Cir. 1958) the motion to stay proceedings was not made until the trial of the case. A similar problem arose in *Reid Burton Construction, Inc. v. Carpenters District Council etc.*, 614 F.2d 698 (10 Cir. 1980). In addition to not asserting arbitration rights until the trial, the moving party had participated in hearings, pre-trial conferences, and motions.

The involvement of the movers in the case before the Court is considerably less than that supporting a finding of waiver in the cases cited above. The Court does not find "substantial invocation of the litigation process" necessary to support waiver of arbitration rights in this case. As noted earlier, the mere filing of an answer and counterclaim does not result in a waiver of arbitration rights.

█ Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration. *ITT World Communication, Inc. v. Communications Workers*, 422 F.2d 77 (2 Cir. 1970), *Carolina Throwing Company v. S & E Novelty Corporation*, 442 F.2d 329 (4 Cir. 1971), *Shinto Shipping Company, Ltd. v. Fibrex and Shipping Company*, 572 F.2d 1328 (9 Cir. 1978), *Reid Burton v. Carpenters Dist. Council, etc.*, supra. Not only is there no substantial litigation on behalf of the mover, but the plaintiffs have failed to show how they have been prejudiced. The plaintiffs assert several reasons why they contend they have been prejudiced. These contentions are without merit. Plaintiffs first contend they were prejudiced because of the settlement proposal they submitted. Preparation of a settlement offer does not amount to prejudice to the plaintiff. Such an offer could have been made during the course of the arbitration proceedings as well as in litigation. Such participation does not require a conclusion that there has been prejudice to the opposing party. *Southwest Industrial Import and Export v. Wilmond Company, Inc.*, supra. Nor is the allegation that the plaintiffs have "revealed their strategy" persuasive to the Court. The plaintiffs claim that they have incurred expense responding to the defendants' discovery motions, yet no such responses have been filed in the record. Additionally, the plaintiff has requested more discovery from the defendants than the defendants have requested of them. The discovery conducted thus far has not been of such magnitude that either party has been prejudiced by any undue expense. Also, such discovery may be useful for the purpose of arbitration.

The purpose of the arbitration act is to promote speedy disposition of disputes without the expense and delay of extended court proceedings. *United States v. S. T. C. Construction Company*, supra. This purpose can be effectuated in this case. Rather than cause undue delay as alleged by the plaintiffs, arbitration may speed settlement of the dispute.

Therefore, considering the strong federal policy favoring arbitration of disputes, the fact that this lawsuit is relatively new with little significant activity by any party, and because there has been no showing that either side would be prejudiced by arbitration, the Court finds that the defendants have not waived their right to demand arbitration.

█ The plaintiffs also argue that the dispute alleged in this suit is not subject to arbitration under the contract. They maintain that injunctive relief (which they have requested) is excluded by the territory agreement's arbitration clause. It is true that arbitration is a matter of contract and that a party cannot be forced to submit a dispute to arbitration unless he has agreed to. However, arbitration should not be denied unless it may be positively said that the arbitration clause is not susceptible to an interpretation covering the dispute. All doubts as to arbitrability must be resolved in favor of arbitration. *United Steelworkers of America v. Warrior and Gulf Navigation Company*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

A review of the arbitration clause indicates that it is a very broad one. The arbitration clause provides:

In the event of any dispute between the parties arising under, out of, in connection with or in relation to this agreement, said dispute shall be submitted by the parties to binding arbitration in accordance with the Rules and Procedures and under the auspices of the American Arbitration Association . . .

It is obvious that it was the intent of the parties to resolve any matter connected with this contract by arbitration. The same arbitration clause authorizes the parties to obtain injunctive relief in addition to any other relief available to them without the necessity of making a showing of irreparable harm. Further, the clause characterizes the availability of injunctive relief as being "in addition to, and not in lieu of, all other remedies." Therefore, the Court can find no indication that a request for injunctive relief precludes arbitration of the dispute. In fact, the arbitration clause authorizes injunctive relief which presumably could be obtained through arbitration or through the judicial process. "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad." *United Steel Workers of America v. Warrior and Gulf Navigation Company,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) at 80 S.Ct. 1354. Because the Court finds no forceful evidence of an intent to exclude this matter from arbitration, this dispute is a matter which must be arbitrated under the arbitration clause of the contract entered into between the parties.

Therefore:

IT IS ORDERED that the motion of the defendants Charles R. Tantillo, Larry L. Luttjohann, Franchise Development, Dairy Queen of Louisiana, Inc., and Dairy Queen of Prairieville, Inc. to stay all further proceedings pending arbitration of this dispute be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the parties shall file with the Court a copy of any decision rendered by the arbitrator within 20 days after the decision is rendered.