716 So.2d 1160 (1998)
MUTUAL ASSURANCE, INC.
v.
Charles E. WILSON.
1970030.
Supreme Court of Alabama.
May 1, 1998.
*1161 Thomas W. Christian, LaBella S. Alvis, and Rhonda Pitts Chambers of Rives & Peterson, P.C., Birmingham, for appellant.
Warren B. Lightfoot, Madeline H. Haikala, and Robin H. Graves of Lightfoot, Franklin & White, L.L.C., Birmingham, for appellee.
HOUSTON, Justice.
This action arose out of a contract dispute between Dr. Charles E. Wilson and his medical liability insurance carrier, Mutual Assurance, Inc. The issue presented is whether that dispute is arbitrable, pursuant to a predispute arbitration provision contained in Dr. Wilson's insurance policy.
The following facts govern our resolution of this case: Dr. Wilson, who is a licensed Alabama physician, practices medicine in Lauderdale County, which borders the states of Mississippi and Tennessee. Dr. Wilson is also licensed to practice in Mississippi, and he treats patients from Mississippi and Tennessee in his Lauderdale County office. Mutual Assurance is an Alabama corporation with its principal place of business in Birmingham. After six of his patients had filed separate actions against him for damages, based on allegations that he had negligently injected a caustic cleaning solution into their bladders during surgery, Dr. Wilson turned to Mutual Assurance to handle their claims. Dr. Wilson also retained an attorney who was not affiliated with Mutual Assurance to represent him.
Dr. Wilson's insurance policy provided for a $25,000 deductible per "medical incident." The policy also provided that "[t]he Company shall not make a settlement without the written consent of the Named Insured provided that: (1) The Named Insured shall not unreasonably withhold consent." When he learned that Mutual Assurance was attempting to settle the six malpractice actions, Dr. Wilson, through his attorney, informed Mutual Assurance that he would consent to settle the claims on two conditions, one of which was that he be allowed to make a one-time payment of $25,000 in order to "settle all of the cases." This correspondence came after Mutual Assurance had notified Dr. Wilson by letter that it would expect a $150,000 payment from him, i.e., the $25,000 deductible times the six medical negligence claims brought against him. Mutual Assurance rejected the conditions proposed by Dr. Wilson. Dr. Wilson nonetheless agreed to allow Mutual Assurance to settle the claims even though he and Mutual Assurance continued to disagree as to whether the policy called for a $25,000 deductible or a $150,000 deductible.
*1162 Mutual Assurance eventually requested that Dr. Wilson submit their contract dispute to arbitration, pursuant to the arbitration provision contained in the policy. That provision reads as follows:
"Any dispute, claim or controversy arising out of or relating to this policy, its performance or alleged breach shall be settled by arbitration to be conducted in Birmingham, Alabama, before a single arbitrator, in accordance with the Rules of the American Arbitration Association. If the arbitration is instituted by the Named Insured or any other claimant, written notice of the demand for arbitration shall be filed with the Atlanta Regional Office of the American Arbitration Association and the Company; if by the Company, such written notice shall be filed with the Atlanta Regional Office of the American Arbitration Association and the Named Insured or any other claimant. The award rendered in such arbitration shall be final and binding upon the parties, and judgment upon such award may be entered in any court having jurisdiction thereof. No suit at law or equity or other court proceedings of any nature may be instituted with respect to any dispute, claim or controversy described in [this section] except to enforce the award of the arbitrators."
Dr. Wilson, through his attorney, refused to submit the dispute to arbitration. Immediately thereafter, and without filing a written notice of a demand for arbitration with the Atlanta regional office of the American Arbitration Association, Mutual Assurance filed an action for a declaratory judgment in the Lauderdale Circuit Court, seeking an order compelling Dr. Wilson to arbitrate the contract dispute. Mutual Assurance sought alternative relief in the form of a judgment for $150,000 in accordance with its interpretation of the policy.[1] Dr. Wilson answered the complaint and asserted various affirmative defenses. Dr. Wilson also filed a counterclaim, based on allegations of breach of contract and fraud. Mutual Assurance answered the counterclaim, raised certain affirmative defenses, and served 21 requests for admission on Dr. Wilson, many of which related to the issue concerning the arbitrability of the dispute. Dr. Wilson responded to these requests. Mutual Assurance filed a separate motion seeking to compel Dr. Wilson to arbitrate. After receiving briefs and conducting a hearing, the trial court denied that motion, holding:
"MASA [Mutual Assurance] has admitted that it did not file written notice with the American Arbitration Association. MASA asserts that it was excused from complying with the clear language of paragraph 13 ARBITRATION since Dr. Wilson's attorney advised that Dr. Wilson would not agree to arbitration. Subsequently, MASA filed the bill for declaratory judgment and alternative complaint for relief followed by a discovery request.
"The Court is of the opinion that MASA has failed to comply with paragraph 13 of the Medical Professional Liability Policy by failing to give written notice to the Atlanta Regional Office of the American Arbitration Association of its request to arbitrate this dispute. The Court further finds that MASA has waived its right to arbitration by substantially involving itself in the litigation process to the prejudice of Dr. Wilson. Accordingly, these failures have created a waiver of arbitration. Ex parte Prendergast, 678 So.2d 778 (Ala. 1996), Companion Life Insurance Company v. Whitesell Manufacturing, Inc., 670 So.2d 897 (Ala.1995), Ex parte Smith, 494 So.2d 1 (Ala.1997)."
Mutual Assurance appealed.[2] We reverse and remand.
In Companion Life Ins. Co. v. Whitesell Manufacturing, Inc., 670 So.2d 897, 899 (Ala.1995), this Court stated:

*1163 "It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Whether a party's participation in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration. No rigid rule exists for determining what constitutes a waiver of the right to arbitrate; the determination as to whether there has been a waiver must, instead, be based on the particular facts of each case. See Huntsville Golf Development, Inc. v. Aetna Casualty & Surety Co., 632 So.2d 459 (Ala.1994); Ex parte McKinney, 515 So.2d 693 n. 2 (Ala.1987); Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1 (Ala.1986); Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986), overruled on other grounds, Ex parte Jones, 628 So.2d 316 (Ala.1993). In accord, see S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507 (11th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991)."
In Ex parte Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 So.2d 1, 2-3 (Ala.1986), this Court elaborated on the considerations a court must take into account in determining whether one has waived the right to arbitrate:
"The general rule with regard to waiver of one's right to arbitrate was stated in American Dairy Queen Corp. v. Tantillo, 536 F.Supp. 718 (M.D.La.1982):
"`It is well settled that there is a strong federal policy favoring arbitration and a waiver of the right to compel arbitration will not be lightly inferred. [Citations omitted.]'
"536 F.Supp. at 720. The court went on to say:
"`Therefore, the burden on one seeking to prove waiver is a heavy one. The question of what constitutes a waiver of the right of arbitration depends on the facts of each case. [Citations omitted.]'
"Id. In Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the United States Supreme Court agreed that there is a strong federal policy favoring arbitration:
"`The [Federal] Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'
"460 U.S. at 24-25, 103 S.Ct. at 941.
"There is considerable support for the proposition that the determination of whether there has been a waiver must be made on a case-by-case basis and is to be based on the particular facts of each case. However, a two-pronged test has developed which courts use when considering whether a party has waived the right to arbitrate. First, the party opposing arbitration must prove that there has been a `substantial invocation of the litigation process.' Tantillo, supra. This however, is only part of what a party is required to prove in order for the court to find that the other has waived the right to seek arbitration.
"`Even if the Court assumes that there was invocation of the litigation process by the defendants, a finding of waiver cannot be made absent a showing of prejudice to the party opposing arbitration. [Citations omitted.]'
"536 F.Supp. at 722.
"Therefore, this Court must decide whether plaintiff met her burden and proved that the defendants substantially invoked the litigation process and that she suffered prejudice as a result. See Ex parte Costa & Head (Atrium), Ltd., 486 So.2d 1272 (Ala.1986). [Emphasis original.]
"Whether a party has substantially invoked the litigation process is another question which must be answered based upon the facts of each case individually, but case law and treatises provide us with guidelines helpful in our determination of *1164 this issue. According to 6 C.J.S. Arbitration § 37 (1975):
"`Whether participation in an action is a waiver of the right to arbitration depends on whether the participation bespeaks an intention to abandon the right.... It has been held that the service of an answer in an action on the contract does not constitute waiver of the right to arbitration, even though the answer does not set up the arbitration clauses as a defense.... The mere serving of an answer and the making of a motion to dismiss a complaint does not constitute a waiver.'
"This rule was also set out in Clar Productions, Ltd. v. Isram Motion Pictures, 529 F.Supp. 381 (S.D.N.Y.1982):
"`"Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not constitute a waiver." Demsey & Assocs. v. S.S. Sea Star, 461 F.2d 1009, 1018 (2d Cir.1972). And in Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291, 293 (2d Cir. 1965), it was stated that the earliest point at which waiver of the right to arbitration may be found "is when the other party files an answer on the merits."'
"529 F.Supp. at 383.
"We are of the opinion that the above authority, especially when considered in light of our recent decision in Ex parte Costa & Head (Atrium), Ltd., supra, demonstrates that the defendants did not substantially invoke the litigation process in the case before us. The defendants simply filed a motion to compel arbitration and stay proceedings pending arbitration; indeed, the defendants did not even file an answer to plaintiff's complaint. In the Clar Productions case the court not only stated that the filing of an answer was the earliest point at which [a waiver] of one's right to arbitrate could be found, but went further to say that a party could file an answer, assert a counterclaim or cross-claim, and participate in discovery without waiving the right to compel arbitration. It is clear to this Court, then, that the defendants did not participate in the action to a degree that evinced an intent to abandon the right to seek arbitration."
Our cases continue to make it clear that, because of the strong federal policy favoring arbitration, a waiver of the right to compel arbitration will not be lightly inferred, and, therefore, that one seeking to prove waiver has a heavy burden. Ex parte Dyess, 709 So.2d 447 (Ala.1997); Ex parte Phelps, 672 So.2d 790 (Ala.1995). The basic question for this Court is whether, based on the facts before it, the trial court, relying on the ground of waiver, abused its discretion in denying Mutual Assurance's request to compel arbitration. Companion Life, supra, at 899.
Mutual Assurance contends that there is nothing in the record from which one can reasonably conclude that it intended to abandon its right to seek arbitration in favor of pursuing an action for damages. It argues that the primary purpose of its declaratory judgment action was to compel Dr. Wilson to arbitrate their contract dispute. Mutual Assurance maintains that it had a legal right to seek a court order compelling arbitration when, it says, it became evident that, because of Dr. Wilson's refusal to cooperate, its pursuing arbitration through the American Arbitration Association would be a vain or useless act. Dr. Wilson contends that Mutual Assurance failed to follow the contractual requirement that it notify the American Arbitration Association of its desire to arbitrate and that, instead, it invoked the judicial process in order to litigate the merits of the contract dispute. Dr. Wilson suggests that he has been prejudiced by Mutual Assurance's filing the declaratory judgment action.
After carefully considering the record and the briefs, we conclude that the trial court abused its discretion in holding that Mutual Assurance had waived its right to compel arbitration. The record indicates that Mutual Assurance resorted to the judicial process only after Dr. Wilson had rejected its request to submit their contract dispute to arbitration. Mutual Assurance was certainly following an acceptable procedure when it filed its declaratory judgment action, the primary purpose of which was to compel Dr. Wilson to arbitrate. See Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102 (Ala. 1995) (on remand from the United States Supreme Court) (noting that the procedure set out in § 4 of the Federal Arbitration Act, *1165 9 U.S.C. § 1 et seq. ("FAA"), for seeking a court order compelling arbitration is applicable in state courts). The mere act of filing a declaratory judgment action for the purpose of determining the issue of arbitrability does not, as a matter of law, constitute a waiver of one's right to arbitrate. Furthermore, merely engaging in limited discovery, most of which was directed toward the arbitration issue, has been held insufficient, without more, to constitute a waiver. Ex parte Merrill Lynch, Pierce, Fenner & Smith, supra.
We further note that it is not apparent on the record that the American Arbitration Association possessed any authority judicial in nature to compel Dr. Wilson to participate in the arbitration process. In light of the circumstances here presented, we are not persuaded by Dr. Wilson's argument that an intent on Mutual Assurance's part to abandon its right to arbitrate can be inferred from its decision not to file with that association a notice of intent to arbitrate. From all that appears in the record, this would have been a useless act on Mutual Assurance's part. Alabama law does not require the performance of a vain or useless act. Owens v. National Security of Alabama, Inc., 454 So.2d 1387 (Ala.1984); Goldman v. Jameson, 290 Ala. 160, 275 So.2d 108 (1973); Rayborn v. Housing Authority of Washington County, 276 Ala. 498, 164 So.2d 494 (1964).
Furthermore, we are not persuaded by Dr. Wilson's assertion that he was prejudiced by Mutual Assurance's resort to the judicial process. As previously noted, Mutual Assurance filed its declaratory judgment action only after Dr. Wilson had refused to submit the dispute to arbitration. It appears that Mutual Assurance had little recourse but to seek a court order compelling Dr. Wilson to comply with the arbitration provision contained in the policy. It would be one thing if Mutual Assurance had belatedly sought to compel arbitration after filing an action for damages under the policy; it is quite another to seek judicial assistance in compelling the specific performance of a material contract provision, concomitant with a request for alternative relief in the form of money damages. Prejudice may be predicated on the former, but not the latter.[3]
We also note that the trial court did not specifically rule that the FAA is applicable in this case. Although this Court will affirm a trial court's judgment if it is supported on any valid legal ground, even though the trial court may have given an erroneous reason to support its judgment, see Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988), we decline to affirm the trial court's order denying Mutual Assurance's request to compel arbitration on the ground, urged by Dr. Wilson, that the FAA has no field of operation in this case. The FAA preempts contrary state law (based on statute and public policy) and renders enforceable a predispute arbitration agreement contained in a contract that "involves" interstate commerce. Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260 (Ala.1995); Lopez v. Home Buyers Warranty Corp., 670 So.2d 35 (Ala.1995). Recently, in Hurst v. Tony Moore Imports, Inc., 699 So.2d 1249 (Ala.1997), four Justices, in a plurality decision, explained that United States Supreme Court precedent indicates that an intrastate transaction nonetheless "involves" interstate commerce if it has virtually any tangible effect on the generation of goods or services for interstate markets and their distribution to the consumer. Hurst, supra, at 1255, 1257. The record in the present case indicates that although Mutual Assurance is an Alabama corporation and Dr. Wilson is licensed to practice in Alabama, the territorial reach of Dr. Wilson's policy extended beyond the Alabama state line. Dr. Wilson was licensed *1166 to practice in Alabama and in Mississippi. The liability policy issued by Mutual Assurance certainly made it possible, as a practical matter, for Dr. Wilson to practice medicine in Mississippi, and for him to treat Mississippi and Tennessee residents in Alabama. Thus, we think it is clear that Dr. Wilson's liability insurance policy had an "effect" on his ability to provide medical services in an interstate market.
For the foregoing reasons, the trial court's order denying Mutual Assurance's request to compel arbitration is reversed and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, COOK, SEE, and LYONS, JJ., concur.
SHORES, J., concurs in the result.
ALMON and KENNEDY, JJ., dissent.
KENNEDY, Justice (dissenting).
Although I agree with the majority's holding that this contract involves interstate commerce, I think the trial court correctly denied Mutual Assurance's motion to compel arbitration. Therefore, I dissent. The arbitration provision, which was drafted by Mutual Assurance, states that if the company elects to institute arbitration, "written notice shall be filed with the Atlanta Regional Office of the American Arbitration Association and the named insured." (Emphasis added.) However, Mutual Assurance failed to adhere to thisits owncontractual provision and filed this lawsuit to compel arbitration. As a matter of law, a party has no legal right to seek judicial enforcement of the provisions of its contract until it has fulfilled its own requirements under the express terms of the contract, and courts should not interfere with that principle. Moreover, I suspect that if the situation were reversed, and it was Dr. Wilson who had failed to comply with the prerequisites of the contract, then Mutual Assurance would be far less likely to claim that compliance was unnecessary or futile.
NOTES
[1] The complaint sought "an order from [the trial] court requiring binding arbitration pursuant to the terms of the insurance policy." The complaint alternatively sought "an award of damages should the matter not be ordered into binding arbitration."
[2] See Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 104-05 (Ala.1995); Long v. Industrial Development Board of the Town of Vincent, 619 So.2d 1387 (Ala.1993); A.G. Edwards & Sons, Inc., v. Clark, 558 So.2d 358 (Ala.1990) (an appeal is the proper procedure by which to challenge an interlocutory order denying a motion to compel arbitration).
[3] We note that we have considered Ex parte Companion Life Ins. Co., supra; Ex parte Prendergast, 678 So.2d 778 (Ala.1996); and Ex parte Smith, supra, cited by Dr. Wilson. Although a finding of waiver was upheld in each of those cases, none of them is factually similar to the present case. In each of those cases, the Court held that there was sufficient evidence of delay in invoking the right to arbitration and resulting prejudice to the opposing party to warrant a finding of waiver. We can find no persuasive evidence that Mutual Assurance intended to abandon its right to seek arbitration in accordance with the arbitration provision contained in the policy or that Dr. Wilson was prejudiced by Mutual Assurance's filing its declaratory judgment action. To the contrary, it appears to us, as we have noted, that Mutual Assurance's primary objective in invoking the judicial process was to compel Dr. Wilson to arbitrate the dispute over the proper deductible after Dr. Wilson had refused to submit the matter to the American Arbitration Association for resolution.