ROBERTSON, Presiding Judge.
Matchmaker International Inc. of Mobile (“Matchmaker”) appeals from an or *521 der[1] of the Mobile County Circuit Court denying its motion to compel arbitration of Lynette Francis’s breach-of-contract claim. We affirm.
Francis entered into a contract with Matchmaker wherein Matchmaker agreed to introduce certain of its other clients to Francis for potential communications, friendship or marriage. The parties’ contract provided that “all claims, controversies, complaints and causes of action brought against [Matchmaker] shall first be submitted to binding arbitration for resolution at [Francisl’s expense.”
On June 25, 1998, Francis, appearing through counsel, sued Matchmaker in the Baldwin County District Court, alleging that Matchmaker had breached the parties’ contract and seeking $1,100 in damages; her case was placed on the small-claims docket of that court. See § 12-12-31(a), Ala.Code 1975. Matchmaker was served on July 10, 1998, and filed an answer without a lawyer[2] on July 22, 1998, alleging that it did not reside in Baldwin County and seeking a transfer of the case to Mobile County. The case was transferred to the Mobile County District Court on August 7, 1998, and was docketed in that court on August 24, 1998. On November 17, 1998, an order was entered setting the case for trial on January 11, 1999.
On January 11, 1999, the date of trial, Matchmaker, for the first time, orally moved that court to refer the controversy to binding arbitration. The district court denied the motion and, after a hearing, entered a judgment in favor of Francis for $1,100 plus costs. Matchmaker, now appearing through counsel, appealed from that judgment to the Mobile County Circuit Court on January 25, 1999, and filed a motion to compel arbitration on February 4, 1999, supported by an affidavit of its president and sole shareholder. Francis then filed a motion to dismiss the appeal, which was supported by her affidavit. The trial court denied both motions, concluding (as to Matchmaker’s motion) that Matchmaker had waived its right to compel arbitration and that to enforce the arbitration agreement “would create a manifest injustice.”
On appeal, Matchmaker contends that the trial court erred in concluding that Matchmaker waived its right to compel arbitration of Francis’s claim; Francis has not favored this court with a brief. “The basic question for this Court is whether, based on the facts before it, the trial court, relying on the ground of waiver, abused its discretion in denying [the] request to compel arbitration.” Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160, 1164 (Ala.1998).
There is no dispute between the parties that the arbitration provision in the parties’ contract is valid under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. However, the Alabama Supreme Court has held that a party’s right to compel arbitration under such a predispute arbitration agreement may be waived:
“A party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration. Companion Life Insurance Co. v. Whitesell Manufacturing, Inc., 670 So.2d 897 (Ala.1995). No rigid rule exists for determining what constitutes a waiver of the right to arbitration; this issue must be resolved on the particular facts of each case. Huntsville Golf Development, Inc. v. Aetna Casualty & Surety Co., 632 So.2d 459 (Ala.1994).”
Ex parte Bentford, 719 So.2d 778, 781 (Ala.1998) (emphasis added).
*522 Matchmaker correctly asserts that Form 4 of the Alabama Small Claims Rules does not specifically provide for a defendant to assert an arbitration right, and that a mere motion to transfer a case does not, in and of itself, equate to a waiver of a contractual arbitration provision (see Thompson v. Skipper Real Estate Co., 729 So.2d 287, 292 (Ala.1999)). However, the case was initiated on June 25, 1998; was transferred to the Mobile County District Court on August 24, 1998; was set for trial on November 17, 1998; and was tried on January 11, 1999. The record reflects that Matchmaker did nothing during the six-month pendency of the ease in the Baldwin and Mobile District Courts to object to. the jurisdiction of those courts to decide Francis’s claim until it made its oral motion at the beginning of the trial, well after Francis and her counsel (in the absence of any substantive response from Matchmaker) would necessarily have invested time and money preparing for a trial on the merits.
In Bentford, supra, the defendants did not seek to compel arbitration until over two months after an original trial setting had been continued. On the facts of that case, six justices of the Alabama Supreme Court concluded that the plaintiffs had been prejudiced by that delay, and that the defendants had therefore waived their right to insist upon arbitration of the plaintiffs’ claims. Bentford, 719 So.2d at 781; see also id. at 782 (opinion of Lyons, J., concurring in the result, joined by Houston, J.). The Supreme Court reached that conclusion over the dissent’s contentions that “there [had] been limited activity in the trial court” and that the plaintiffs had not made a showing that they would be prejudiced by the delay in demanding arbitration. 719 So.2d at 783.
On the authority of Bentford, we conclude that the trial court properly determined that Matchmaker’s failure or refusal to assert its contractual right to compel arbitration until the day of trial indicated that it had substantially invoked the litigation process to the prejudice of Francis. While “[n]o rigid rule for determining ... waiver” exists, we are convinced that waiting until the day of a trial of a civil action is too great a delay to permit a conclusion that a party has not substantially invoked the litigation process. We therefore affirm the trial court’s order denying Matchmaker’s motion to compel arbitration.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. An order denying a motion to compel arbitration is appealable. E.g., Patrick Home Ctr., Inc. v. Karr, 730 So.2d 1171, 1172 (Ala.1999).

. We note that a corporation may properly appear in cases on the small-claims dockets of the district courts without representation by an attorney. Section 12-12-31(b), Ala.Code 1975.